IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 04-CR-30011-MJR |
| ) | |
| AN DUY PHAM,  ) | |
| ) | |
| Defendant.  ) | |

### MEMORANDUM & ORDER

**REAGAN, District Judge:**

Before this Court is Defendant An Duy Pham's motion for "relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure" (Doc. 87). Pham informs this Court that on August 27, 2004, the Court sentenced him to, among other terms, imprisonment for a term of thirty months (*see* Docs. 39, 42). As part of Pham's sentence, the Court recommended to the Bureau of Prisons that it consider Pham for placement in its previously-existing Intensive Confinement Center program ("ICC") (*see* Doc. 42, p. 7). According to Pham's motion, however, the ICC program was discontinued as of June, 2005, precluding Pham's ability to participate therein, purportedly resulting in his having to serve a lengthier sentence (*see* Doc. 87, pp.1-2).

Pham characterizes his claim as one "under Rule 60(b) of the Civil Rules ... of surprise under subsection 60(b)(1) and void or breach of agreement under 60(b)(6)." *Id.* at 2. Nonetheless, Pham's label or characterization of his claim is not controlling. As the Seventh Circuit has repeatedly stated, the substance of a party's submission takes precedence over its form. ***Guyton v. United States***, **453 F.3d 425, 426-27 (7th Cir. 2006), citing *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis ... the name makes no difference. It is substance that controls.")**

Accordingly, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of 28 U.S.C. § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." **Melton**, **359 F.3d at 857 (emphasis in original)**; *see also United States v. Scott,* **414 F.3d 815 (7th Cir. 2005).**

28 U.S.C. § 2255 ¶ 1 applies to "any prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack." **28 U.S.C. § 2255.**  Regardless of how Pham chooses to label his motion, it is clear that it is substantively within the scope of 28 U.S.C. § 2255, ¶ 1.  Accordingly, pursuant to *Melton,* the Court construes the present motion as a motion under § 2255. **359 F.3d at 857.**

This being the case, this Court lacks jurisdiction to weigh the merits of Pham's motion.  Section 2255 imposes "a 1-year period of limitation ..." on such attacks. **28 U.S.C. § 2255.** Pham's present motion was filed on February 6, 2006 (*see* Doc. 87).  This Court sentenced Pham on August 27, 2004 (*see* Doc. 39), and entered judgment on August 30, 2004 (*see* Doc. 42). Consequently, Pham's motion was not filed within the applicable period of limitations, and is therefore untimely. *See* **28 U.S.C. § 2255;** *Nunez v. United States,* 96 F.3d 990 (7th Cir. 1996).

For the foregoing reasons, the Court hereby **DENIES** Pham's motion (Doc. 87).

**IT IS SO ORDERED.**

**DATED this 25th day of August, 2006.**

s/ Michael J. Reagan  
**MICHAEL J. REAGAN**  
**United States District Judge**